LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0439 GAF (MRWx) | Date | February 3, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**        (In Chambers)

### ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff Moses McCutcheon filed the present action in Los Angeles County Superior Court against Defendants Wells Fargo Bank, NA ("Wells Fargo"), Option One MTG LN Trust 2006-2 ("Option One Trust"), and Power Default Services, Inc. ("Power"), arising out of purported illegal acts in the refusal to modify Plaintiff's home loan, and the subsequent foreclosure sale of his property.  (Docket No. 1 [Not. of Removal], Ex. A [Compl.].)  Plaintiff asserts causes of action for (1) breach of the covenant of good faith and fair dealing; (2) promissory estoppel; (3) fraudulent misrepresentation; (4) unjust enrichment; (5) civil conspiracy; (6) wrongful foreclosure; and (7) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.  Id.  Defendants timely removed the case, alleging this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Not. ¶¶ 2, 5.)  However, as set forth below, the Court cannot presently determine whether it has subject matter jurisdiction over this matter.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").  Generally, a defendant seeking removal bears the burden of proving the federal

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0439 GAF (MRWx) | Date | February 3, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al. | | |

court's subject matter jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal statutes are strictly construed against removal jurisdiction. Id.

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For trusts, diversity citizenship is based on the citizenship of the trustees. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Finally, a national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).

Defendants have adequately alleged the citizenship of Plaintiff, Wells Fargo, and Power. (Not. ¶¶ 7–9.) However, Defendants have failed to affirmatively allege the citizenship of Option One Trust. (See Not. ¶¶ 10, 12.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Because Defendants have not alleged the citizenship of Option One Trust, the Court cannot determine that complete diversity exists in this case.

Defendants are therefore **ORDERED TO SHOW CAUSE** no later than **the close of business on February 10, 2012,** as to why this case should not be remanded to state court. **Failure to respond by this deadline will be deemed consent to remand of the action**.

**IT IS SO ORDERED.**