LINK: 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0439 GAF (MRWx) | Date | August 30, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Chris Silva for Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff Moses McCutcheon filed the present action in Los Angeles County Superior Court against Defendants Wells Fargo Bank, NA ("Wells Fargo"), Option One MTG LN Trust 2006-2 ("Option One Trust"), and Power Default Services, Inc. ("Power"), arising out of purported illegal acts in the refusal to modify Plaintiff's home loan, and the subsequent foreclosure sale of his property. (Docket No. 1 [Not. of Removal], Ex. A [Compl.].) Plaintiff asserts causes of action for (1) breach of the covenant of good faith and fair dealing; (2) promissory estoppel; (3) fraudulent misrepresentation; (4) unjust enrichment; (5) civil conspiracy; (6) wrongful foreclosure; and (7) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. Id. Defendants timely removed the case, alleging this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Not. ¶¶ 2, 5.)

Plaintiff's complaint was dismissed with leave to amend on 03/29/12 after no opposition was received following Defendants' motions to dismiss and to expunge the notice of pending action. (Docket No. 16, [03/29/12 Order] at 1-2) Plaintiff subsequently filed a filed a first amended complaint (Docket No. 30, [FAC]), which in addition to naming another plaintiff, Aletha F. McCutcheon, named Option One Mortgage Corporation, American Home Mortgage Servicing, Inc., and Sand Canyon Corporation ("New Defendants") as new defendants. Plaintiff's FAC also removes Option One Trust as a defendant. (FAC at 1) There is currently a motion to dismiss pending, scheduled for hearing September 10, 2012.

Contrary to Defendants' assertion that Plaintiff was given "leave to amend but only as to the existing parties and claims," (Docket No. 32, Mem. at 7), no such language appears in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0439 GAF (MRWx) | Date | August 30, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al. | | |

Court's 03/29/12 Order. Therefore, as set forth below, because of the New Defendants, the Court cannot presently determine whether it has subject matter jurisdiction over this matter. It appears to the Court that some of these new parties may be necessary and properly part of this case, and if so may destroy diversity.

      Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Generally, a defendant seeking removal bears the burden of proving the federal court's subject matter jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal statutes are strictly construed against removal jurisdiction. Id.

      Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For trusts, diversity citizenship is based on the citizenship of the trustees. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Finally, a national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).

      The citizenship of Plaintiff, Wells Fargo, and Power has been adequately alleged. (Not. ¶¶ 7–9.) However, the citizenship of the New Defendants and the propriety of their joinder have not been adequately addressed by the parties.

      Plaintiffs and Defendants are therefore **ORDERED TO SHOW CAUSE** no later than **the close of business on September 7, 2012,** as to: (1) why the New Defendants should or should not remain in this case, and (2) why this case should or should not be remanded to state

**LINK: 30**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0439 GAF (MRWx) | Date | August 30, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al. | | |

court considering the New Defendants.  **Failure to respond by this deadline will be deemed consent to remand of the action**.  The hearing currently scheduled for September 10, 2012 is hereby **CONTINUED** to September 17, 2012.

    **IT IS SO ORDERED.**