LINK: 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**        (In Chambers)

## ORDER RE: MOTIONS TO DISMISS AND STRIKE

### I.
### INTRODUCTION

     This case arises out of the foreclosure and subsequent sale of Plaintiffs' Los Angeles home.  Plaintiffs contend Defendants' lending and foreclosure practices were fraudulent and predatory.  Plaintiffs dispute the transfers of the deed of trust and seek to void the foreclosure of their home and to quiet title.  Defendants now move under Rule 12(b)(6) to dismiss each claim of Plaintiffs' First Amended Complaint ("FAC") to strike several portions of the FAC relating to punitive damages and attorney's fees.  In response to several orders to show cause, as a preliminary matter, Defendants also seek to establish subject matter jurisdiction in this Court.

     For the reasons discussed below, the Court finds that it has subject matter jurisdiction over this action.  Accordingly, the Court will evaluate Defendants' motions to dismiss and strike.  For the reasons discussed in greater detail below, the Court **GRANTS** the motion to dismiss **in part**, and **DENIES in part**, and **GRANTS** the motion to strike where that motion is not moot.

### II.
### BACKGROUND

**A.  PROCEDURAL BACKGROUND**

     On October 31, 2011, Plaintiff Moses McCutcheon filed this lawsuit in Los Angeles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

County Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"), Power Default Services Inc. ("Power"), Option One MTG LN Trust ("Option One Trust"), and Does 1 through 100, in connection with the foreclosure sale of his real property located in Los Angeles, California. (Docket No. 1, [Not. of Removal], Ex. A [Compl.].) On December 19, 2011, Plaintiff personally served defendants Wells Fargo and Power with a copy of the summons and complaint; defendant Option One Trust was never served. (Not. of Removal ¶¶ 2-3) On January 18, 2012, Defendants Wells Fargo and Power removed the matter to this Court on the basis of diversity jurisdiction alone. (Id. at 1.)

Plaintiffs' complaint was dismissed with leave to amend on March 29, 2012 after no opposition was received following Defendants' motions to dismiss and to expunge the notice of pending action. (Docket No. 16, 03/29/12 Order at 1-2.) Plaintiff subsequently filed an amended complaint on June 29, 2012, which in addition to naming another plaintiff, Aletha McCutcheon, named Option One Mortgage Corporation ("Option One Corp."), American Home Mortgage Servicing, Inc.[1] ("AHMSI Servicing"), and Sand Canyon Corporation ("Sand Canyon") as new defendants. (Docket No. 30, [First Amended Complaint ("FAC")].) As amended, Plaintiffs' complaint states eight causes of action: (1) violation of Cal. Bus. & Prof. Code § 17200; (2) violation of Penal Code § 115; (3) predatory lending; (4) extrinsic fraud; (5) wrongful foreclosure; (6) to set aside and vacate illegal trustee sale; (7) to quiet title; and (8) injunction. (Id. at 1.) Plaintiffs seek: (1) compensatory and punitive damages; (2) a declaration that the assignments of the deed of trust, the substitution of trustee, the Notice of Default, and the Notice of Trustee's Sale are invalid; (3) to set aside and vacate the September 13, 2011 foreclosure sale; (4) to quiet title to the property; and (5) to enjoin future acts of unfair competition. (Id. at 23-24.) On July 23, 2012, Defendants filed the motions to dismiss and strike currently before the Court. (Docket No. 32, [Mot. to Dismiss FAC ("Mem.")].)

On August 30, 2012, the Court issued an order to show cause ("OSC") regarding subject matter jurisdiction over the new defendants named in Plaintiffs' FAC. (Docket No. 46, 08/30/12 Order.) On September 7, 2012, both sides timely filed responses. (Docket No. 51, [Defendants' OSC Response ("DOSC")]; Docket No. 52, [Plaintiffs' OSC Response ("POSC")].) Rather than address the Court's OSC, Plaintiffs sought to voluntarily dismiss, without prejudice, defendants Sand Canyon and Power from the action. (POSC at 2.) The Court viewed Plaintiffs' and Defendants' OSC responses to be inadequate to evaluate subject matter jurisdiction and accordingly issued a second OSC. (Docket No. 53, 09/12/12 Order.) Defendants' supplemental

---

[1] On May 29, 2012, AHMSI Servicing officially became Homeward Residential, Inc. (Docket No. 54, [Defendants' Supplemental OSC Response ("SOSC")] at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

response alleged sufficient facts to indicate AHMSI Servicing is a diverse party and Option One Corp. is a sham defendant. (Docket No. 54, [Defendants' Supplemental OSC Response ("SOSC")] at 3-5.) Plaintiffs did not file a supplemental response and therefore did not rebut Defendants' characterization of Option One as a sham defendant.

**B. FACTUAL BACKGROUND**

    **1. PLAINTIFFS TAKE OUT A LOAN AND EXECUTE A DEED OF TRUST**

Plaintiffs are the former owners of real property located at 9157 South Gramercy Place, Los Angeles, California ("the Property"). (FAC ¶ 12.) Plaintiffs purchased the Property on or about April 26, 2006. (FAC ¶ 13.) To finance the purchase, Plaintiff borrowed $468,000 from Option One and executed a Deed of Trust on April 28, 2006, as security for the loan. (Docket No. 33 [Request for Judicial Notice ("RJN")], Ex. 1 [Deed of Trust ("DOT")].)[2] The DOT named Option One as beneficiary under the DOT, and Premier Trust Deed Services as trustee. (FAC ¶ 13; DOT at 2.)

    **2. PLAINTIFFS DEFAULT ON THEIR LOAN PAYMENTS AND SEEK TO MODIFY THEIR LOAN**

In July of 2008, AHMSI Servicing purchased the servicing rights and trade name "Option One Mortgage Corporation." (FAC ¶ 15; Mem. at 1.) Shortly thereafter, Plaintiffs contacted AHMSI Servicing to inquire about their eligibility for a loan modification under the HAMP program. (FAC ¶ 16.) Plaintiffs were advised by an AHMSI Servicing representative to withhold their mortgage payments so that they could qualify for HAMP. (Id. ¶¶ 18–19.) As a result of this conversation, Plaintiffs withheld their next two mortgage payments and then reapplied for a loan modification. (Id. ¶ 22.) After submitting their application, Plaintiffs attempted to make payments, but AHMSI Servicing refused to accept any payment less than the full reinstatement amount, causing Plaintiffs to incur additional delinquency fees. (Id. ¶¶ 23-24.) Plaintiffs were told "not to worry because everything would be worked out within the loan

---

    [2] The Court takes judicial notice, pursuant to Federal Rule of Evidence 201, of the documents requested by Defendants because all are matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'"). Moreover, the Court may properly consider judicially noticeable documents on a motion to dismiss, without converting the motion to a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); Lee, 250 F.3d 668 at 689. Although the Court may not take judicial notice of any disputed facts stated in the documents, Lee, 250 F.3d at 688–90, here, Plaintiff does not dispute the documents in any way.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

modification." (Id. ¶ 25.) As a result of their delinquency, AHMSI Servicing caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust, noting the default amount to be $19,020.80 as of August 12, 2008. (Mem. at 1; RJN, Ex. 2 [Not. of Default ("NOD")].)

### C. PLAINTIFFS' PROMISSORY NOTE AND DEED OF TRUST TRANSFER HANDS AND PLAINTIFFS' PROPERTY IS SOLD AT A FORECLOSURE SALE

On September 2, 2008, AHMSI Servicing, as successor-in-interest to Option One, assigned all beneficiary rights to Wells Fargo as trustee for Option One Mortgage Loan Trust 2006-2 Asset-Backed Certificates, Series 2006-2. (RJN, Ex. 3 [9/2/08 Assignment of Deed of Trust].) On September 8, 2008, Wells Fargo purportedly executed a Substitution of Trustee ("SOT") purporting to substitute AHMSI Default Resolution Services, Inc. ("AHMSI Default")[3] as trustee. (Mem. at 2.) The SOT was recorded on February 10, 2009. (Mem at 2; RJN, Ex. 4 [SOT].) While this Court takes judicial notice that the SOT was recorded on February 10, 2009, there is no public record before the Court that the SOT was executed on September 8, 2008.

On July 20, 2011, AHMSI Default recorded a Notice of Trustee's Sale ("NOTS"), stating $650,024.06 as the unpaid balance on the loan. (RJN, Ex. 10 [NOTS].) Plaintiffs contacted AHMSI with regard to the NOTS and were told again "not to worry, because the sale would be postponed while the loan modification application was being processed." (FAC ¶ 27.) The foreclosure sale took place on September 13, 2011, whereby AHMSI Default conveyed the property to Wells Fargo. (Mem at 3; RJN, Ex. 11 [Trustee's Deed Upon Sale].) Plaintiffs allege that the SOT and foreclosure sale were fraudulently executed and are therefore void. (FAC ¶ 105.)

### D. BANKRUPTCY PROCEEDINGS

On May 13, 2009, Plaintiffs filed a Chapter 13 voluntary petition in the U.S. Bankruptcy Court, Central District of California, Petition No. 2:09-bk-21549-BR. (RJN, Ex. 5 [Bankruptcy Docket].) On June 15, 2009, Plaintiffs subsequently converted their Chapter 13 petition to a Chapter 7 petition due to insufficient income to support a Chapter 13 plan. (RJN, Ex. 6 [Debtor's Notice of Conversion].) In their petition, Plaintiffs filed a claim of $563,000 incurred from the April 28, 2006 Deed of Trust and named AHMSI Servicing as the creditor on the loan.

---

[3] AHMSI Default Services is also known as Power Default Services Inc. (RJN, Ex. 11 [Trustee's Deed Upon Sale].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

(RJN, Ex. 7 [Bankruptcy Schedule] at 8.) On September 25, 2009, AHMSI's motion for relief from the automatic stay was granted, and on October 21, 2009, Plaintiffs' Chapter 7 petition was dismissed. (Bankruptcy Docket at 5-7.)

### III.
### DISCUSSION

#### A. SUBJECT MATTER JURISDICTION

The issues surrounding subject matter jurisdiction in this case arise from Plaintiffs' joinder of new defendants in their FAC. Plaintiffs joined Option One, AHMSI Servicing, and Sand Canyon. Sand Canyon was voluntarily dismissed in Plaintiffs' OSC Response. (POSC at 2.) Defendants allege in their Supplemental OSC Response that AHMSI Servicing is now known as Homeward Residential, Inc., which is, and at all relevant times has been, a Delaware Corporation with its principal place of business in Coppell, Texas. (SOSC at 4.) Defendants assert that Option One is a fraudulently joined defendant. The Court now turns to that issue.

Where a party is found to have been fraudulently joined to destroy diversity jurisdiction, a court will disregard that defendant as a sham for purposes of deciding whether jurisdiction exists. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (cert. denied, 525 U.S. 963 (1998)); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (explaining that the relevant inquiry in fraudulent joinder analysis is whether the plaintiff has any possibility of prevailing on claims brought against the purported "sham defendant").

> Fraudulent joinder, we have noted, 'is a term of art.'. . . Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '<u>if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state</u>.'

Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (citing McCabe, 811 F.2d at 1339) (emphasis added).

Defendants first assert that "in July of 2008, AHMSI [Servicing] 'purchased the servicing rights and trade name Option One Mortgage Corporation.' As a result, Option One ceased to have <u>any</u> right, title or interest in the Loan or the Property." (SOSC at 4) (internal citation and quotation marks omitted). Accordingly, Defendants argue that "the claims for Wrongful Foreclosure, Quiet Title, and Injunction cannot be maintained against Option One since they are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

all predicted [sic] upon its claiming a right, title or interest in the Property at the time of the claims." (Id.) As to these claims, the Court finds Defendants' argument persuasive - Plaintiffs could not sustain these claims against Option One.

Defendants also assert that the remaining claims asserted against Option One could not possibly be sustained against it. The remaining claims asserted against Option One are: (1) violation of California Penal Code § 115, (2) predatory lending, and (3) extrinsic fraud. As to § 115, Defendants correctly argue that § 115 "do[es] not provide for [a] private right[] of action." Wallace v. Mortg. Elec. Registration Sys., 2012 U.S. Dist. LEXIS 3977 * 8 (C.D. Cal. Jan. 11, 2012). Regarding the claim of predatory lending, as it applies to Option One, Plaintiffs' FAC states only that "Option One methodically and deliberately placed him in a loan that they believed Plaintiff would not be able to pay." Defendants argue that this claim is time barred. Defendants argue that Option One Corp originated the loan in April 2006, and this action was filed over five years later, (SOSC at 6-7), which is long past the one-year limitations period from the date of origination for claims such as this. See, e.g., DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1128 (N.D. Cal. 2010) (holding a predatory lending claim barred by a one-year limitation period.)

With respect to extrinsic fraud, Defendants argue that "[e]xtrinsic fraud occurs where a party is deprived of the opportunity to present her claim or defense to the court, or in some manner fraudulently prevented from fully participating in the proceeding." Kuehn v. Kuehn, 85 Cal. App. 4th 824, 832 (Cal. App. 2d Dist. 2000). Plaintiffs do not argue this occurred. Even taking Plaintiffs' claim here as one of general fraud, rather than extrinsic fraud, any claim of fraud as alleged in Plaintiffs' FAC would have arisen at the time the loan originated - April 2006. Plaintiffs allege only that "they were not given a Good Faith Estimate in Defendant's [sic] Option One's effort to conceal its serious, inaccurate, and misleading nature of its activities." (FAC ¶ 67.) Even assuming this allegation could constitute an allegation of fraud, Cal. Code Civ. Proc. § 338(d) prescribes a three-year statute of limitations on claims of fraud. Although such a claim does not "accrue[] until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake," Cal. Code Civ. Proc. § 338(d), Plaintiffs have given the Court no reason to believe they were not aware of these facts at the time the loan originated. On the contrary, it would appear that Plaintiffs had to have known the relevant facts – that they were not given a good faith estimate – even if they were unaware of the legal significance of that fact. Accordingly, the three-year statute of limitations has run on this claim, to the extent it could be construed as a cognizable claim of fraud.

Accordingly, Option One is a sham defendant. Defendants have properly established

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

subject matter jurisdiction in this Court.

**B. MOTION TO DISMISS**

The FAC names: (1) Option One, (2) AHMSI Servicing, (3) Sand Canyon, (4) Power Default, and (5) Wells Fargo. Option One is deemed fraudulently joined, and is therefore dismissed. AHMSI Servicing has never been served and thus was not a party to the motion to dismiss. (Docket No. 54-1, [Declaration of Roger Kistler ("Kistler Decl.") ¶ 7.) Sand Canyon and Power Default were voluntarily dismissed by Plaintiffs. (POSC at 2.) Therefore, Wells Fargo is the only remaining defendant and the motion will be evaluated only with respect to the claims as they may apply to Wells Fargo.

1. Judicial estoppel

Defendants argue that the entire FAC should be barred by the doctrine of judicial estoppel arising from Plaintiffs' bankruptcy petition. (Mem. at 7.) As the Supreme Court noted:

> [S]everal factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be 'clearly inconsistent' with its earlier position. . . . Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled,' . . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (internal citations omitted).

Defendants correctly note that "Plaintiffs listed the loan as an undisputed debt on Schedules A and D of his [sic] Bankruptcy Petition and also did not disclose the existence of these claims in this bankruptcy." (Mem. at 7.) Assuming that this is "clearly inconsistent" with the allegations of this case, the second and third factors have not been established. AHMSI was granted relief from the automatic stay and, shortly thereafter, the proceeding was dismissed. The Court sees no basis for asserting that a court was misled into accepting an inconsistent position or that an estoppel is necessary to bar Plaintiffs from gaining an unfair advantage. See Boatright v. Auora Loan Servs., 2012 U.S. Dist. LEXIS 94801 * 9 (N.D. Cal. July 9, 2012); Gottlieb v. Kest, 46 Cal. Rptr. 3d 7, 25 (Cal. App. 2d Dist. 2006) (automatic stay does not satisfy the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

success factor, noting also that "the bankruptcy case was dismissed without confirmation of a plan of reorganization."). Judicial estoppel does not apply in this case.

### 2. FAILURE TO STATE A CLAIM - RULES 12(B)(6) AND 9(B)

#### *a. Legal Standards*

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950. Furthermore "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

Moreover, Rule 9(b) imposes heightened pleading requirements for claims of fraud. See Fed. R. Civ. P. 9(b). A plaintiff "must state with particularity the circumstances constituting fraud," but can allege generally "[m]alice, intent, knowledge, and other conditions of a person's mind." Id. The particularity requirement "has been interpreted to mean the pleader must state the time, place and specific content of the false representations as well as the identities of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

parties to the misrepresentation." Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981). "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged. Vess v. Cib-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).) Further, where there are multiple defendants, "Rule 9(b) does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011) (citation and internal quotation marks omitted). And when a fraud claim is alleged against a corporation, the plaintiff must allege the name of the individual who made the false representation, his or her authority to speak, to whom that person spoke, what he or she said, and when the statements were made. See Ungerleider v. Bank of Am. Corp., No. CV 10-5875 PSG (Ex), 2010 WL 5392820, at *4 (C.D. Cal. Dec. 27, 2010) (citation omitted). In addition, the plaintiff must "set forth what is false or misleading about a statement, and why it is false." Rubke v. Capitol Bancorp Ltd., 551 F.3d 1156, 1161 (9th Cir. 2009) (internal quotations omitted). These requirements "ensure[] that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

### *b. Application*

Plaintiffs assert eight causes of action. The third cause of action, predatory lending, is not asserted against Wells Fargo. Because this motion addresses the conduct of only Wells Fargo, that claim will not be addressed.

### i. Violation of Business and Professions Code § 17200

Plaintiffs' first cause of action alleges violation of California Business & Professions Code § 17200. § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "To state a claim for unfair competition . . . a 'plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public).'" Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC, 634 F. Supp. 2d 1009, 1022 (N.D. Cal. 2007) (citing Albillo v. Intermodal Container Services, Inc., 8 Cal.Rptr.3d 350 (Ct. App. 2003). "Because the law is stated in the disjunctive, it contemplates three distinct categories of unfair competition and a plaintiff must plead the specific rubric under which the proscribed conduct falls." Id. (citing Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 973

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

P.2d 527 (Ct. App. 1999)).

To the extent Plaintiffs' plead a claim under § 17200, the Court interprets the claim as pleaded only under the "fraudulent" prong of the section. Plaintiffs allege that Defendants' policies and practices constitute fraudulent business acts within the meaning of § 17200. (FAC ¶¶ 36–38.) "A practice is 'fraudulent' if members of the public are likely to be deceived." Chavers v. GMAC Mortg., LLC, 2012 U.S. Dist. LEXIS 85505 (C.D. Cal. June 20, 2012). The Rule 9(b) heightened pleading standard applies to state-law claims sounding in fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Accordingly, Rule 9(b) will be applied to Plaintiffs' § 17200 claim.

Plaintiffs allege that Wells Fargo, AHMSI, and Option One were and continue to be engaged in fraudulent and deceptive business practices by: "assessing improper or excessive late fees;" "improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees;" "misapplying or failing to apply customer payments;" "failing to provide adequate monthly statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;" "executing and recording false and misleading documents;" and "acting as beneficiaries and trustee without legal authority to do so." (FAC ¶ 38.)

Plaintiffs' FAC fails to state facts required to sustain a fraud claim. The allegations above do not differentiate between Wells Fargo and the other named defendants or identify the individual persons within each corporate entity who were responsible for the allegedly fraudulent business practices. While Plaintiffs do speak specifically about an incident where they were told to miss loan payments for two months so they could be eligible for the HAMP loan modification program, Plaintiffs fail to identify the role, if any, Wells Fargo had in this incident. (See FAC ¶¶ 39-42.) Simply put, none of these allegations show that Wells Fargo misrepresented information regarding Plaintiffs' mortgage, that they did so with intent to defraud, or that their actions caused Plaintiffs' injury. Plaintiffs' claim is therefore **DISMISSED** against Wells Fargo **with prejudice**.

### ii. Violation of California Penal Code § 115

Plaintiffs' second cause of action alleges that the SOT was signed and notarized by "robo-signers" who are not employed by Defendant and that such a forgery violates California Penal Code § 115. (FAC ¶¶ 46-49.) § 115 "do[es] not provide for [a] private right[] of action." Wallace, 2012 U.S. Dist. LEXIS 3977 * 8. "[A] private right of action exists only if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." Vikco Ins. Servs., Inc. v. Ohio Indemnity Co., 82 Cal. Rptr. 2d 442, 447 (Cal. App. 1st Dist. 1999). Plaintiffs make no effort in their complaint to show why § 115 was intended by the legislature to give individuals a private right of action, and it is apparent that it does not. Plaintiffs' claim is therefore **DISMISSED** against Wells Fargo **with prejudice**.

### iii. Fraud

Plaintiffs' fourth cause of action is for extrinsic fraud. As noted earlier, "[e]xtrinsic fraud occurs where a party is deprived of the opportunity to present her claim or defense to the court, or in some manner fraudulently prevented from fully participating in the proceeding." Kuehn, 102 Cal. Rptr. 2d at 748. It is apparent from the nature of Plaintiffs' complaint that Plaintiffs intended to assert a general fraud claim - Plaintiffs imply as much in their opposition to the motion to dismiss. (Docket No. 40, [Opp. to Mot. to Dismiss ("Opp.")] at 11.) Given "the duty of federal courts to construe pro se pleadings liberally," Hamilton v. United States, 67 F.3d 761. 764 (9th Cir. 1995), the Court will treat this claim as one of general fraud.

In addition to meeting the heightened pleading requirements of Rule 9(b), Plaintiff must also adequately allege facts supporting each element of a fraud claim. These elements are as follows: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co., Inc. v. Dana Corp., 102 P.3d 268, 274 (Cal. 2004)

Plaintiffs allege that the September 8, 2008 SOT was a fraudulent assignment because it was contrary to the law and because the assignment was signed by "a known Robo-signer who is not an employee of [Defendants]" and bears a fraudulent notary signature. (FAC ¶¶ 64-66.) Plaintiffs' fraud claim fails under 9(b) pleading standards for numerous reasons. First, the allegations in the FAC do not differentiate between Wells Fargo and the other named defendants or identify the individual persons within each entity who were responsible for the allegedly fraudulent assignment. The who, what, how and when of Wells Fargo's involvement in this process is not set forth in the FAC. Moreover, Plaintiffs have alleged a series of events that did not involve them and on which they simply could not have relied. Because the conduct of the alleged "robo-signer" is an integral element of the alleged fraud, the absence of any plausible claim of reliance defeats the fraud cause of action. Accordingly, Plaintiffs' fraud claims is **DISMISSED** against Wells Fargo **with prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

### iv.  Wrongful Foreclosure & Set Aside and Vacate Illegal Trustee Sale

Plaintiffs' fifth cause of action is for wrongful foreclosure, and their sixth cause of action seeks to set aside and vacate an illegal trustee sale.  Because the set aside and vacate claim is really a remedy for wrongful foreclosure, the Court will dismiss that claim as a separate cause of action.  The Court's determination that it is not a separate cause of action is without prejudice to the entry of an appropriate injunction in the event that Plaintiffs prevail on their wrongful foreclosure claim.

Defendant argues a claim for wrongful foreclosure is fatally flawed because Plaintiffs have failed to adequately allege tender of, or ability to tender, the full amount of the debt, and because they have not overcome the common law and statutory presumptions of the validity of the foreclosure sale.  (Mem. at 10–11.)  Under California law, the borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure."  Abdallah v. United Savings Bank, 51 Cal. Rptr. 2d 286, 292 (Cal. App. 1st Dist. 1996); see also FPCI RE-HAB 01 v. E & G Investments, Ltd., 255 Cal. Rptr. 157, 160 (Cal. App. 2d Dist. 1989); Karlsen v. Am. Sav. & Loan Assn., 92 Cal. Rptr. 851, 853–54 (Cal. App. 2d Dist. 1971) (court of equity lacks jurisdiction to set aside foreclosure sale "when the complaint fails to show payment of the obligation for which the property was security or an offer in good faith to pay and . . . implicit in such offer must be the ability to pay").  "[I]t it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect."  Gaffney v. Downey Savings & Loan Assn, 246 Cal. Rptr. 421, 427 (Ct. App. 288).  However, tender is not required to challenge a void foreclosure sale.  See, e.g., Dimmock v. Emerald Properties LLC, 97 Cal. Rptr. 2d 255, 262 (Cal. App. 4th Dist. 2000).

Moreover, nonjudicial foreclosure sales are presumed valid under the common law, and under Cal. Civ. Code § 2924 only so long as all statutory requirements have been satisfied. Brown v. Busch, 313 P.2d 19, 21 (Cal. Ct. App. 1957); Cal. Civ. Code § 2924.  "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender."  Moeller v. Lien, 30 Cal. Rptr. 2d 777, 783 (1994).  To overcome this presumption of validity, the borrower challenging a foreclosure sale must produce "substantial evidence of prejudicial procedural irregularity."  Melendrez v. D & I Investment, Inc., 26 Cal. Rptr. 3d 413, 430 (Ct. App. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

      Plaintiffs argue that AHMSI Default (a.k.a Power Default)[4] was not lawfully appointed trustee and thus did not have the legal authority to foreclose on the Property. (FAC ¶¶ 77-78, 105.) After examining the SOT which purportedly gave AHMSI Default power of sale, the Court finds a significant discrepancy between Defendant's alleged date of execution and the date listed on the publicly recorded document. Wells Fargo asserts that it acquired rights as beneficiary to the promissory note on September 2, 2008 when AHMSI Servicing, successor-in-interest to Option One, assigned to it the deed of trust. (RJN, Ex. 3 [9/2/08 Assignment of Deed of Trust].) Wells Fargo also asserts that on September 8, 2008, it substituted AHMSI Default as trustee and that AHMSI Default maintained its rights as trustee until September 13, 2011 when the Property was foreclosed and sold to Defendant. (Mem at 1-3; RJN, Exs. 3-4, 11.) The Court has taken judicial notice of the documents Defendant has submitted and finds a glaring procedural irregularity. Specifically, there is no evidence supporting Defendant's assertion that it substituted in AHMSI Default as trustee on September 8, 2008. The date on record for the execution of the SOT is August 5, 2008, which, if it in fact represents the date of execution, occurred before Wells Fargo acquired any rights as beneficiary and roughly a month before the September 2, 2008 assignment, thus casting doubt on whether Wells Fargo lawfully executed a substitution of trustee. (RJN, Exs. 4-5.) In light of this irregularity, Plaintiffs' argument that AHMSI Default did not have authority to conduct the foreclosure thereby rendering the September 13, 2011 foreclosure sale void is sufficient to overcome the tender rule and presumption of validity of a nonjudicial foreclosure sale. (FAC ¶¶ 77-78, 105.)

      The case cited by Defendant does not mandate a different determination. In Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154 (2011), which Defendant cites for the proposition that "possession of the original promissory note is not required to non-judicially foreclose,"(Mem. at 18), the court put to rest the argument that a party in possession of legal title but not the promissory note would not have authority to conduct a non-judicial foreclosure. Gomes, 192 Cal. App. 4th at 1154. Here, however, Plaintiffs allege that AHMSI Default had no authority whatsoever as it was never lawfully appointed trustee and did not have rights either as trustee or beneficiary. (FAC ¶¶ 77-78, 105.) In fact, the court in Gomes suggested that a cause of action for wrongful foreclosure might survive if there were "a specific factual basis for alleging that the foreclosure was not initiated by the correct party." Gomes, 192 Cal. App. 4th at 1156. Here, that factual basis exists – namely that Wells Fargo was not yet the beneficiary under the Deed of Trust when it executed the SOT in favor of AHMSI Default. See Sacchi v. Mortgage Elec. Registration Sys., 2011 U.S. Dist. LEXIS 68007 *16-25 (C.D. Cal. June 24,

---

      [4] AHMSI Default Services, as noted earlier, is also known as Power Default Services Inc. (RJN, Ex. 11 [Trustee's Deed Upon Sale].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

2011) (highlighting a similar chronological problem). Defendants' motion to dismiss Plaintiff's wrongful foreclosure claim is therefore **DENIED**.

### v. Quiet Title

Plaintiffs' seventh claim is to quiet title. To state a claim to quiet title, the complaint must include: (1) "[a] description of the property that is the subject of the action;" (2) "[t]he title of the plaintiff as to which a determination under this chapter is sought and the basis of the title;" (3) "[t]he adverse claims to the title of plaintiff;" (4) "[t]he date as of which the determination is sought;" and (5) "[a] prayer for the determination of the title of the plaintiff against the adverse claims." Cal. Civ. Proc. Code § 761.020. Additionally, a plaintiff must file a verified complaint. Cal. Civ. Proc. Code § 761.020. Defendants also assert that Plaintiffs must meet the tender requirement here, (Mem. at 20).

At this stage, Plaintiffs' claim to quiet title has sufficient merit to survive the motion to dismiss. Plaintiffs' FAC adequately describes the property in question and the basis for why Plaintiffs have a right to it. Plaintiffs assert, "[a]s Defendants did not have legal ownership in the Subject Property on the date of foreclosure, allegedly obtained the Subject Property through fraud and wrongful conduct, and failed to adhere to the strict statutory requirements to effectuate the foreclosure sale of the Subject Property, the foreclosure sale was void and invalid. Therefore, the Subject Property is still Plaintiffs' property." (FAC ¶ 105.) On September 13, 2011, Plaintiffs' real property was foreclosed upon. (RJN, Ex. 11 [Trustee's Deed Upon Sale].) Wells Fargo purchased the Property from AHMSI Default and executed a Trustee's Deed Upon Sale showing Wells Fargo's current title to the Property. (Id.) Accordingly, Wells Fargo presents an adverse claim to Plaintiffs' title. As noted above, Plaintiffs have called into question the validity of the foreclosure sale, and therefore the tender requirement is inapplicable. Defendants' motion to dismiss Plaintiffs' quiet title claim is **DENIED.**

### vi. Injunction

Plaintiff' eighth cause of action is for injunction. (FAC ¶¶ 107-109.) However, "[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." Lawrence v. Aurora Loan Servs. LLC, No. 09–01598, 2010 WL 364276, at * 12 (E.D.Cal. Jan. 25, 2010) (quoting Shell Oil Co. v. Richter, 52 Cal.App.2d 164, 168, 125 P.2d 930 (Ct.App.1942)). Therefore, this claim is **DISMISSED** against Wells Fargo **with prejudice**, although the Court is not ruling as to its availability or unavailability as a potential remedy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

### C. MOTION TO STRIKE

Defendants moves to strike portions of the FAC which specifically state that Plaintiffs are entitled to punitive damages and attorney's fees. (Docket No. 32, [Not. of Mot. to Dismiss ("Not.")] at 2.) Defendants move to strike "attorney's fees" from paragraphs 46 and 70 of the FAC and paragraphs 10 and 11 of the prayer for relief. (Id.) Defendants also move to strike the phrase "punitive damages in an amount to be determined at time of trial" from paragraph 70 of the FAC. Paragraphs 46 and 70 of the FAC are included within claims dismissed with prejudice above. Accordingly, the motion to strike is moot with regard to phrases contained in those paragraphs. The Court will evaluate this motion with regards to paragraphs 10 and 11 of the prayer for relief.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has held that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and that "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), rev'd on other grounds, 510 U.S. 517 (1994). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Accordingly, "courts often require a showing of prejudice by the moving party before granting the requested relief." Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (internal quotations omitted). A motion may also be granted where it will "have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action." State of Cal. ex rel. State Lands Comm'n v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981). In the end, the decision to grant or deny the motion is vested within the sound discretion of the trial court. Neilson, 290 F. Supp. 2d at 1152.

Defendants argue that "attorney's fees" should be stricken from paragraphs 10 and 11 of the prayer for relief because "Plaintiffs appear in this action pro per and thus are not entitled to attorney's fees." (Mem. at 23.) This appears axiomatic - a pro se litigant "[is] not an attorney

LINK: 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-00439 GAF (MRWx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Moses McCutcheon v. Wells Fargo Bank NA et al | | |

and [cannot] provide attorney services" and therefore is not entitled to attorney's fees. <u>Hannon v. Security Nat'l Bank</u>, 537 F.2d 327, 329 (9th Cir. 1976); see, e.g., <u>Stern v. Does</u>, 2011 U.S. Dist. LEXIS 37735 * 42 (C.D. Cal. Feb. 10, 2011) ("As for the time Plaintiff spent on the instant litigation, it would be compensable only if Plaintiff had the prospect of recovering attorneys' fees, which, as a pro se litigant, he did not.").

Accordingly, the Court **GRANTS** Defendants' motion to strike "attorney's fees" from paragraphs 10 and 11 of the prayer for relief. The Court **DENIES** as **MOOT** Defendants' motion to strike language from paragraphs 46 and 70 of the FAC.

### III.
### CONCLUSION

Defendants' motion to dismiss is **GRANTED with prejudice** as to Wells Fargo with regard to Plaintiffs' first, second, fourth, sixth, and eighth causes of action. Defendants' motion to dismiss is **DENIED** as to Wells Fargo with regard to Plaintiffs' fifth and seventh causes of action. Defendants motion to strike is **GRANTED** as to the phrase "attorney's fees" in paragraphs 10 and 11. Defendants motion to strike is **DENIED** as **MOOT** in all other respects. The hearing scheduled for Monday, October 1, 2012 is **VACATED.**

**IT IS SO ORDERED.**